# Hollin v. Commonwealth.

February 4, 1947.

Lewis & Weaver for appellant.

Eldon S. Dummit, Attorney General, and Guy H. Herdman, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE CAMMACK—Affirming.

Mahan Hollin has been sentenced to 21 years in prison for the murder of Johnny Mitchell on the afternoon of May 4, 1946. On this appeal he is insisting that it was error to show to the jury the clothing which Mitchell was wearing at the time Hollin cut his throat, other incompetent evidence was admitted, and the verdict is excessive.

Mitchell, Charlie Smith and Burchell Murphy had been riding around in Clay County during the after-

noon of the killing. Several other parties were with them part of the time. Smith admitted they had drunk part of a pint of whiskey during the afternoon, but there is other evidence tending to show that they had consumed considerably more than that. Late in the afternoon the three stopped on Elk Hill. There they met with Hollin, his brother Willie and A. T. Marcum, who were over in some bushes a short distance from the road. The Commonwealth's evidence is to the effect that Hollin had a quart jar of whiskey and that he wanted to sell some of it to Smith. Hollin denies that he had any liquor, but in rebuttal two witnesses testified that Marcum had told them Hollin had a quart of whiskey. Smith said Mitchell and Hollin got in a dispute over the price of a pint of whiskey; that a fist fight ensued; and that after Hollin had knocked Mitchell over a bank Hollin's brother interceded and asked them to shake hands. Mitchell extended his right hand and Hollin extended his left, and while they were in the act of shaking hands in this manner Hollin stabbed Mitchell in the throat. Burchell Murphy's testimony supported that of Smith. Mitchell died from the wound as Murphy was driving him to Manchester. It might be said at this point that, if Mitchell and his companions were as drunk as the appellant's testimony indicates, Mitchell was in no condition to fight, and the others would not have known much about what was going on. There was evidence also showing that Hollin was in a vicious frame of mind after he had stabbed Mitchell.

Hollin's version of the affray is that, after he and Mitchell had been arguing about the whiskey, the latter threw down his hat and said, "Any damn man here wants to fight me, step out;" he and Mitchell engaged in a fist fight; Mitchell knocked him to the ground twice; as he was getting up the second time he pulled out his knife; Mitchell stuck his right hand in the bosom of his shirt and said, "I will kill you;" and he then cut Mitchell with the knife.

The principal argument for reversal is that it was error to exhibit Mitchell's bloody shirt to the jury. However, no complaint was made when the undertaker testified that the clothing shown was that removed from Mitchell's body. The only objection made was to the

question, "Do you know whose blood it is?" This objection was sustained. But, even if the objection had been timely made, we do not think it was error to exhibit the shirt to the jury. Mitchell had received a severe wound and the quantity of blood on the shirt tended to show its severity. There is another reason why the shirt was admissible. Hollin produced the affidavit of Clarence Clark, wherein he said that an ordinary shirt which buttoned down the front was removed from Mitchell's body, but that it was in such bad condition it was destroyed. The shirt which the undertaker identified was of the slipover type, having no buttons down the front. Mrs. Mitchell said that Johnny was wearing this shirt when he left home in the afternoon. The shirt being of the type with no buttons down the front, it would have been impossible for Mitchell to have attempted to put his right hand in his shirt bosom as Hollin said he did.

The affidavits of two jurors were offered wherein they said that they were misled by the testimony relating to the type of shirt Mitchell was wearing. Of course they could not impeach their own verdict, but the great preponderance of the evidence was to the effect that Mitchell's shirt did not button down the front. Clearly, the credibility of the witnesses was for the jury.

Reference is made to several alleged improper questions on the part of the Commonwealth's attorney. Objections were sustained to most of them. When Mrs. Mitchell was asked how many children she had, an objection was sustained to the question. Nevertheless she answered that she had six. No motion was made to exclude this answer, nor to admonish the jury concerning it. Furthermore, it was not so prejudicial as to warrant a reversal of the case. Objections were sustained to questions put to Burchell Murphy as to threats made against him after Mitchell had been stabbed; but, even if the objections had been overruled, it would not have been prejudicially erroneous because Murphy's answers would have shown Hollin's state of mind and attitude after he had fatally wounded Mitchell. It seems to us that the court took every precaution to see that Hollin had a fair and impartial trial.

The jury had the right to accept the Commonwealth's version of the killing. Under that version

Hollin committed a brutal and treacherous murder, and, certainly, it can not be said that the verdict was excessive.

Judgment affirmed.